UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CURTIS LEE MOORE,

        Plaintiff,

vs.                            Case No. 2:05-cv-394-FtM-29SPC

GARY CAMP, LEE COUNTY SHERIFF'S OFFICE, LEE COUNTY, FNU PIERCE, RODNEY SHOAP, MICHAEL SCOTT, FNU DAROSS, THOMAS ELLEGOOD

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of Defendant's Motion to Dismiss filed on behalf of Lee County, Florida (Doc. #38) on May 4, 2006. Plaintiff filed a Response on May 26, 2006 (Doc. #44). This matter is ripe for review.

**I.**

*Pro se* Plaintiff filed an amended civil rights complaint (Doc. #17) pursuant to 42 U.S.C. § 1983 while incarcerated at the Lee County Jail alleging violations of Plaintiff's First and Fourteenth Amendment rights.[1] In summary, the Amended Complaint alleges that the jail chaplain, Defendant Camp, and officers did not accommodate Plaintiff's "religious requests" for a vegetarian diet, did not

---

[1]According to Plaintiff's address listed on the docket history, Plaintiff remains incarcerated at the Lee County Jail.

provide "proper meal substitutions" during Ramadan, and delayed providing Plaintiff with a copy of the Quran. Plaintiff alleges that the jail provides Bibles to Christians and vegan meals to Seventh Day Adventist and some Muslim believers. (Id. at 24.) Further, the Amended Complaint alleges that due to Plaintiff's repeated attempts to receive a vegetarian diet in accordance with his Muslim beliefs, "large strips of pork bacon arrived on top of the greens, and in the beans, which were served to me." (Id. at 22.) The Amended Complaint claims that Defendant Camp's and Defendant Pierce's "discriminatory actions and negative acts violated my rights . . . to practice our religious beliefs . . . and is continuing to perpetuate an arbitrary prejudicial and discriminatory policy and practice." (Id. at 25,28.)

## II.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the

defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).  Municipalities and other local government entities are subject to liability under § 1983. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 (1978).  A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Id. at 690-692; Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  While the federal pleading burden is not great, it nonetheless requires fair notice of the

claim and the grounds upon which the claim rests. Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

**III.**

Defendant Lee County seeks dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Lee County points out that Fla. Stat. 30.07 defines the Lee County Sheriff as the entity who "is responsible for conditions in and operation of the county jail, not the Board of County Commissioners." (Doc. #38 at 1.) Thus, defendant Lee County argues that "the Lee County Board of County Commissioners and Lee County, Florida has [sic] no connection with the operation of the County Jail except its statutory obligation to provide and maintain County buildings." (Id. at 2.) Rather, the Sheriff is a constitutional officer and serves as the "Chief Correctional Officer." Fla. Const. Art. VIII, Section 1(d),

Chapter 30.072 (5). Further, Lee County argues that the issues in the Amended Complaint concern the Sheriff's employees denial of certain religious articles to Plaintiff, not the maintenance of the jail that is the county's responsibility, and as such the Amended Complaint should be dismissed as to Lee County.

In response, Plaintiff contends that "Lee County is in fact a superior or 'supervisor', in the term of the word, to the Lee County Sheriff's Office" because the county provides the budget to the sheriff's office. (Doc. #44 at 2.) Plaintiff states that the sheriff is a "county office holder." (Id. at 3.) Further, Plaintiff argues that the Amended Complaint contains sufficient facts alleging "that on numerous occasions both the present and former sheriff was [sic] notified of the jail, and its employees, constitutional deprivation against plaintiff. The Sheriff, being a supervisor to his 'lower level employees' may be held liable . . . . [T]he Sheriff was notified . . . and did nothing to end . . . these wrongful actions."

Essentially, Plaintiff's argument predicates liability against the county on the theories of municipality liability and supervisory liability. Supervisory liability, which is distinct from municipality liability, runs against the individual and, unlike municipal liability, does not require any proof of official policy or custom as the "moving force" behind the conduct. City of Oklahoma v. Tuttle, 471 U.S. 808 (1985) (citations omitted).

To the extent that Plaintiff attributes liability against Lee County on the basis of the county's alleged "supervisory" position over the sheriff's office, such a theory is flawed.  A local government cannot be liable on the basis of *respondeat superior.*  Rather Lee County's liability rests upon municipal liability and requires a plaintiff in a § 1983 action to allege that the injury was a result of the county's policy or custom.  <u>Board of County Comm'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 403 (1997); <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1307 (11th Cir. 2001), <u>cert. denied</u>, 535 U.S. 1033 (2002).  "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality."  <u>Sewell v. Town of Lake Hamilton</u>, 117 F.3d 488, 489 (11th Cir. 1997) (citations omitted).  Here, the Amended Complaint does not allege that Lee County has an official policy that was the "moving force" behind Plaintiff's alleged constitutional injuries, nor does the Amended Complaint contain sufficient facts to establish a practice that was so widespread as to constitute a custom with the force of law.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  The Motion to Dismiss (Doc. # 38) filed on behalf of Lee County is **GRANTED** and the Amended Complaint is dismissed as to Lee County, Florida.

2.   The **Clerk of Court** shall: (1) enter judgment dismissing Lee County; and (2) correct the caption of the case to reflect the dismissal of Lee County.

**DONE AND ORDERED** in Fort Myers, Florida, on this __13th__ day of December, 2006.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

SA:   alj
Copies: All Parties of Record