UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CURTIS LEE MOORE,

                  Plaintiff,

vs.                                    Case No. 2:05-cv-394-FtM-29SPC

GARY CAMP, LEE COUNTY SHERIFF'S
OFFICE, LEE COUNTY, FNU PIERCE,
RODNEY SHOAP and MICHAEL SCOTT,

                  Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of Defendants' Motion to Dismiss (Doc. #54) filed on behalf of the Lee County Sheriff's Office, Michael Scott, Gary Camp, Captain Pierce, Thomas Ellegood, and Sergeant DaRoss. Plaintiff filed a Response on August 21, 2006 (Doc. #66). This matter is ripe for review.

**I.**

Plaintiff, who is proceeding *pro se* and is incarcerated at the Lee County Jail, filed an amended civil rights complaint (hereinafter "Amended Complaint") (Doc. #17) pursuant to 42 U.S.C. § 1983 alleging violations of his right of free exercise of religion pursuant to the First Amendment.[1] In summary, the Amended Complaint alleges that the jail chaplain, Defendant Camp, and named

_____

[1]Plaintiff remains incarcerated at the Lee County Jail.

corrections officers did not accommodate Plaintiff's "religious requests" for a vegetarian diet, did not provide "proper meal substitutions" during Ramadan, and delayed providing Plaintiff with a copy of the Quran.  Plaintiff claims that the jail provides Bibles to Christians within two days of the request and vegan meals to Seventh Day Adventist and some Muslim believers. (<u>Id.</u> at 24, 31.)  Further, due to Plaintiff's repeated attempts to receive a vegetarian diet in accordance with his Muslim beliefs, "large strips of pork bacon arrived on top of the greens, and in the beans, which were served to [Plaintiff]." (<u>Id.</u> at 22.)  As a remedy, Plaintiff requests injunctive relief.  (<u>Id.</u> at 9-11.)

Defendants Lee County Sheriff's Office, Michael Scott, Gary Camp, Captain Pierce, Thomas Ellegood, and Sergeant DaRoss filed a Motion to Dismiss arguing *inter alia*: (1) the alleged conduct does not arise to a constitutional violation; (2) the official capacity claims fail under qualified immunity; (3) the claims against defendant Mike Scott in his individual capacity should be dismissed because they are based on a theory of supervisory liability.

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002); <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003).  A complaint should not be dismissed unless

it appears beyond doubt that the plaintiff can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005).  The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

### III.

In summary, the Amended Complaint claims that the defendants "discriminatory actions and negative acts violated my rights . . .

-3-

to practice our religious beliefs . . . and is continuing to perpetuate an arbitrary prejudicial and discriminatory policy and practice." Doc. #17 at 25, 28. Plaintiff's Amended Complaint sets forth with specificity the dates and efforts Plaintiff allegedly undertook to ensure that he was conforming with his religious tenets. The following is the factual chronology of the events set forth in the Amended Complaint, which at this stage of the proceedings are assumed to be true.

> On March 15, 2004, Plaintiff wrote "formal request" to Defendant Camp requesting a copy of the Quran and to be placed on a vegetarian diet. Id. at 8, 17.

> Three days later, on March 18, 2004, Plaintiff wrote a "formal complaint" to defendant Camp because he did not receive a Quran and did not receive his "religious vegetarian diet."

> On March 20, 2004, Plaintiff submitted a "formal grievance" to defendant Camp for denial of the vegetarian meal and the denial of the Quran. Plaintiff points out that Christians receive Bibles in the jail. Id. at 17.

> On the same day, Plaintiff submitted a "second formal grievance" to defendant Camp for denial of the Quran and vegetarian diet. Id. at 17-18.

> Approximately three months later, on October 11, 2004, Plaintiff submitted a "formal request" to Defendant Camp requesting that the chaplain tell him when the Muslim holiday Ramadan began and thanking him for the Quran he recently received. Three days later, defendant Camp responded, telling Plaintiff that his name was added to the Ramadan fasting list.[2] Id. at 18.

---

[2]According to the Amended Complaint, on the same day Defendant Camp responded to Plaintiff's request (October 15), Plaintiff submitted a second letter to Defendant Camp requesting to be placed on the Ramadan fasting list. Although Plaintiff states that Defendant Camp did not respond, Plaintiff admits he was added to

(continued...)

-4-

Four days later, on October 15, 2004, Plaintiff submitted a "formal complaint" to Defendant Camp advising him that Plaintiff did not receive the "basic religious information" and that Plaintiff had not received a "religious diet appropriate to [his] faithful practice as a Muslim."[3]  Defendant Camp responded stating that Plaintiff's name was on the Ramadan fasting list. Id. at 19.

Two days later, on October 17, 2006, Plaintiff submitted a "formal complaint" to Defendant Camp indicating that Plaintiff was not receiving "appropriate food" in observance of Ramadan.[4] Id. at 19.

On the same day, Plaintiff submitted a "complaint" to the "detention facility commander" and " administrator of the kitchen" because previous years "proper substitutions" were provided for Ramadan, but this year (2004) they were not. Id. at 26.

On October 17-18, 2004, Plaintiff received an "advisory letter" from defendant Camp indicating that Plaintiff's choice to not eat meat is a "personal choice" and the jail cannot cater to "personal dietary requests." Id. at 19-20.

On the same day, a memoranda addressed "to all those participating in Ramadan" from Defendant Camp stated that "only one evening meal" would be provided. Id. at 20.

Approximately six months later, on April 5, 2005, Sergeant Gilbert confiscated Plaintiff's towel, which was used as a prayer rug, as "contraband."  In response, Plaintiff submitted a request to Defendant Camp that "he put in writing that a towel is acceptable as a prayer

---

[2](...continued)
the list for fasting on the same day.

[3]It is unclear whether Plaintiff means he did not receive a vegetarian meal or that he did not receive his meal at the appropriate time of day in observance of the Ramadan fast, or both.

[4]The Amended Complaint is unclear as to what Plaintiff meant by "appropriate food" during Ramadan or what "proper substitutions" the jail's kitchen previously provided Plaintiff during Ramadan, but did not do during the incidents alleged.

rug" and was not contraband.[5]  Defendant Camp responded
in writing, indicating that a towel was acceptable.  <u>Id.</u>
at 21.

Two months later, on June 10, 2005, Plaintiff submitted
a "formal grievance" to defendant Camp advising him that
in spite of "exhausting his administrative remedies"
Plaintiff received no relief because he was continually
denied a vegetarian diet and subject to religious
discrimination.  <u>Id.</u> at 22.

Two days later, on June 12, 2005, "large strips of pork
bacon arrived on top of the greens and in the beans,"
which was served to Plaintiff and another Muslim inmate,
Nathan Williams, at lunch.  The officer who delivered the
meal returned it to the kitchen and returned with pork-
free trays for Plaintiff and Mr. Williams.  A Trinity
Food Services employee personally apologized to Plaintiff
and Mr. Williams, explaining that he did not know how the
pork bacon got on their trays.  <u>Id.</u> at 22-23.

On June 14, 2005, Plaintiff submitted to Defendant Camp
a "formal grievance" for the "fourteen months of
religious and personal discrimination."  Plaintiff
complained that the jail provided vegan meals to Seventh
Day Adventist and some Muslims, but did not provide a
vegan meal to Plaintiff.  Defendant Camp responded,
indicating that Plaintiff needed to contact the kitchen.
<u>Id.</u> at 24.

On June 17, 2005, Plaintiff submitted to Defendant Camp
a "grievance appeal" complaining that the "personal and
religious discrimination" may be "racially motivated."
<u>Id.</u> at 25.

A few days later, on June 22, 2005, Plaintiff received a
response from Defendant Ellegood stating that Plaintiff
was approved for a vegan diet.  <u>Id.</u> at 31.

Plaintiff sent additional grievances concerning the
incidents described above to supervisory officers at the
Lee County Jail including: Defendants Pierce, Ellegood,
and DaRoss.  <u>Id.</u> at 29-31.

---

[5]Plaintiff did not name Sergeant Gilbert as a defendant in this
action.

**IV.**

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).  In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).  A defendant who occupies a supervisory position may not be held liable under a theory of respondeat superior in a § 1983 action.  Id. at 690-692; Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

**V.**

Liberally construing Plaintiff's Amended Complaint, Plaintiff claims First Amendment violations arising from: the removal of a prayer towel as contraband, a delay before receiving a Quran, not receiving a diet in conformance with his Muslim beliefs and diet

issues during Ramadan, and the placement of pork bacon on top of his food.

The First Amendment to the United States Constitution provides:

> Congress shall make no law respecting establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

An inmate must be given a "reasonable opportunity" "to exercise the religious freedom guaranteed by the First and Fourteenth Amendment without fear of penalty." Cruz v. Beto, 405 U.S. 319, 322 (1972). An inmate's First Amendment rights, however, are not without restriction. Lawson v. Singletary, 85 F.3d 502, 509 (11th Cir. 1996). The Turner rule adopted by the Supreme Court in Turner v. Safely, 482 U.S. 78, 85 (1987), employs a reasonableness standard for evaluating prison regulations that may infringe on an inmates' constitutional guarantees: "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Id. at 89.

In order to evaluate whether a prison policy infringes upon Plaintiff's constitutionally-protected right to the free exercise of religion, the Court must make two primary inquiries: (1) is the Plaintiff sincere in his asserted religious beliefs; and, (2) if the Plaintiff is sincere, and the regulation impinges on the free

exercise of his religion, is the regulation reasonably related to legitimate penological interests. <u>Martinelli v. Dugger</u>, 817 F.2d 1499, 1503 (11th Cir. 1987), <u>cert. denied</u>, 484 U.S. 1012 (1988); <u>Turner</u>, 482 U.S. at 89-91; <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 345 (1987).

**Defendant Lee County Sheriff's Office**

At the outset, the Court notes that Plaintiff names the Lee County Sheriff's Office as a defendant. The Lee County Sheriff's Office, however, is not a "person" "acting under the color of state law" for the purposes of 42 U.S.C. § 1983. The Eleventh Circuit has held that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit[.]" <u>Lawal v. Fowler</u>, No. 05-15895, 2006 WL 2640222 (11th Cir. Aug. 10, 2006) (citing <u>Dean v. Barber</u>, 951 F.2d 1210 (11th Cir. 1992)). Consequently, the Amended Complaint is dismissed as to the Lee County Sheriff's Office.

**Defendant Shoap**

Additionally, Plaintiff names the former Lee County Sheriff, Rodney Shoap, as a defendant.[6] On July 31, 2006, the Court entered an Order (Doc. #65) dismissing any official capacity claims against Defendant Shoap since Plaintiff properly named the current Lee County Sheriff, Mike Scott, as a defendant. Further, the Court directed Plaintiff to show cause within twenty (20) days of the

---

[6]As of the date of this Order, service of process remains uneffectuated on Defendant Shoap.

date on the Order why the action should be pursued against Defendant Shoap in his individual capacity. Plaintiff was advised that the Court would dismiss Defendant Shoap if Plaintiff did not comply with the Order. Plaintiff did not file a response to the Court's Show Cause Order and thus the Amended Complaint is dismissed as to Defendant Shoap.[7]

**Defendants Scott, Camp, Pierce, Ellegood, DaRoss**

In the Motion to Dismiss, Defendants cite Elam v. J.D. Henderson, 472 F.2d 582 (5th Cir. 1973) and Walker v. Blackwell, 411 F.2d 23 (5th Cir. 1969), arguing that even if the jail deprived Plaintiff of a diet complying with his Muslim beliefs, the conduct would not rise to the level of a constitutional deprivation. (Doc. #54 at 11.)

In Elam, Muslim prisoners alleged that a federal penitentiary violated their First Amendment right of free exercise of religion when the prison authorities did not prepare their food in compliance with their religion's dietary laws or provide certain food items through the commissary. Id. at 582. The Fifth Circuit affirmed the district court's dismissal of the Complaint. The Fifth Circuit noted that the "prisoners [were] allowed substantial time each week to practice their religion" and reasoned that the prisoners did "not allege anything more than minor inconveniences

---

[7]The Court notes that Plaintiff did file a response to Defendants' Motion to Dismiss (Doc. #66). Plaintiff's response, however, did not address the order to show cause.

-10-

which may, in a very limited way, impinge on the full exercise of their religious preferences." Id. at 582-583.

The Court finds the precedent relied upon by the Defendants distinguishable from the case *sub judice.*  The only issue in Elam involved the jail's failure to provide meals strictly in compliance with the Muslim inmates' religious dietary laws.  Here, Plaintiff raises other issues in addition to the denial of his religious vegetarian meals.  Further, in both Elam and Walker relied upon by Defendants, the courts reviewed the reasoning behind the jail's regulation or practice at issue.  In fact, unlike the reasonableness test set forth by the Supreme Court in Turner, the Fifth Circuit applied a different test, stating that the government must show a "compelling and substantial interest" to support the restriction on the First Amendment.  Walker, 411 F.2d 23, 25-26. At this stage of proceedings the Court cannot say that Plaintiff cannot prove any set of facts that would entitle him to relief.

The Amended Complaint, however, does not contain any facts describing  Defendant Scott's alleged involvement in Plaintiff's claim.  Additionally, with regard to Defendants Pierce, Ellegood, and DaRoss, the only facts relevant to these Defendants' involvement is that Plaintiff submitted grievances to these defendants apprising them of Plaintiff's allegations.  Plaintiff claims that most of the grievances went unanswered.  Thus, to the extent Plaintiff alleges that the knowledge imputed to the supervisors and the refusal to prevent Plaintiff's alleged harm

rises to the level of a custom or policy, these defendants cannot be dismissed at this stage.  <u>Wayne v. Jarvis</u>, 197 F.3d 1098 (11th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1115 (2000); <u>Tittle v. Jefferson County Com'n</u>, 10 F.3d 1535 (11th Cir. 1994); <u>Weaver v. Toombs</u>, 756 F. Supp. 335, 337 (W.D. Mich. 1989), <u>aff'd</u> 915 F.2d 1574 (6th Cir. 1990).

With respect to the Defendant's qualified immunity argument, given Plaintiff's version of the events, the Defendants are not entitled to qualified immunity at this Rule 12(b)(6) stage of the litigation.  Based on pre-existing law, this Court concludes that the Defendants had a fair and clear warning that their <u>alleged</u> conduct was unlawful.  <u>See</u> <u>Turner</u>, 482 U.S. 78, <u>O'Lone</u>, 482 U.S. 342.  The parties will have the opportunity to further develop the facts with respect to Plaintiff's claim.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Defendants' Motion to Dismiss (Doc. #54) filed on behalf of Lee County Sheriff's Office, Michael Scott, Gary Camp, Captain Pierce, Thomas Ellegood, and Sergeant DaRoss is **GRANTED in part and DENIED in part** as follows:

a.  With respect to the Lee County Sheriff's Office, the motion is **GRANTED** and the Lee County Sheriff's Office is **dismissed** from this action.

b.   With respect to the remaining Defendants, the motion is **DENIED**.

2.   The Amended Complaint is **dismissed** as to Defendant Rodney Shoap for the reasons stated in the Court's Show Cause Order (Doc. #65).

3.   The **Clerk of Court** shall enter judgment dismissing Defendants Rodney Shoap and the Lee County Sheriff's Office.

4.   The remaining defendants, Michael Scott, Gary Camp, Captain Pierce, Thomas Ellegood, and Sergeant DaRoss, shall file an Answer to Plaintiff's Amended Complaint within **TWENTY (20) DAYS** of the date of this Order.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___13th___ day of December, 2006.


_____
JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record

-13-