UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CURTIS LEE MOORE,

            Plaintiff,

vs.                           Case No.   2:05-cv-394-FtM-29SPC

GARY CAMP, FNU PIERCE, MICHAEL SCOTT, SERGEANT DAROSS and THOMAS ELLEGOOD,

            Defendants.
_____

**ORDER OF DISMISSAL**

     This matter comes before the Court upon review of Defendants' Motion to Dismiss (Doc. #84, Mot. to Dismiss), filed December 4, 2007. As of the date on this Order, Plaintiff has not filed a Response.

     Plaintiff, while confined in the Lee County Jail, initiated this action by filing a § 1983 Complaint on August 15, 2005. Plaintiff then filed an Amended Complaint (Doc. #17, Amended Complaint) on February 3, 2006. In summary, the Amended Complaint alleges Plaintiff's First and Fourteenth Amendment rights were violated when Defendants from the Lee County Jail did not accommodate Plaintiff's "religious requests" for a vegetarian diet, did not provide "proper meal substitutions" during Ramadan, and delayed providing Plaintiff with a copy of the Quran. Amended Complaint at 24. Plaintiff seeks only injunctive relief. Id. at 9, 11.

Defendants filed the Motion to Dismiss requesting that the Court dismiss this action for Plaintiff's failure to prosecute. Mot. to Dismiss at 1-2. Defendants inform the Court of several deficiencies including, but not limited to, Plaintiff's failure to notify the Court of his change of address and failure to respond to the Court's Order to Show Cause. Id. at 2. Alternatively, Defendants seek dismissal of this action arguing that Plaintiff's release from the Lee County Jail on September 21, 2007, mooted Plaintiff's claim.[1] Id.

Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction. U.S.C.A. Const. Art. III. Mootness can occur due to a change in circumstances or a change in law. Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320 (11th Cir. 2004). A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party. Troiano v. Supervisor of Election in Palm Beach County, Fla., 382 F.3d. 1276 (11th Cir. 2004); Christian Coalition of Ala. v. Cole, 355 F.3d 1288 (11th Cir. 2004); Crown Media LLC v. Gwinnett County, Ga., 380 F.3d. 1317 (11th Cir. 2004). Dismissal is not discretionary

---

[1] Defendants refer the Court to the Plaintiff's release papers from the Lee County Jail, accompanied by an Affidavit from the attorney for the Lee County Sheriff's Department. See Doc. #81 at 5,15-17

but "is required because mootness is jurisdictional. Any decision on the merits would be an impermissible advisory opinion." Troiano, 382 F.3d at 1282 (citing Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). As noted by the Supreme Court, "[t]he requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997) (other citations omitted). The courts have found a case is moot when a prisoner who seeks an injunctive remedy for the conditions of his confinement is released from confinement; Green v. Branson, 108 F.3d 1296 (10th Cir. 1997); Defoe v. Correction Officers Tucker, 2002 WL 31422864 (Dist. Del. 2002); or, is transferred to a facility where the allegedly unlawful condition does not exist. Daring v. Cancel, 783 F.2d 874 (9th Cir. 1986); Stewart v. McGinnis, 800 F. Supp. 604 (N.D. Ill. 1992).

A very narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review." De La Teja v. United States, 321 F.3d 1357, 1363 (11th Cir. 2003); Brooks v. Georgia State Bd. of Elections, 59 F.3d 1114 (11th Cir. 1995). Two conditions must be met to invoke this doctrine: (1) the challenged action must be of a short duration to be fully litigated; and (2) there exists a reasonable expectation that the **same complaining party would be subjected to the same action again**. Christian Coalition of Ala. v. Cole, 355 F.3d at 1288, 1293

(emphasis added).  A "remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time."  Soliman v. United States ex. rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002) (quoting Al Najjar v. Ashcroft, 273 F.3d at 1340).

It is undisputed that Plaintiff is no longer confined in the Lee County Jail due to his release on September 21, 2007.  Thus, the various forms of injunctive relief requested by Plaintiff would be meaningless at this time.  Consequently, the Court finds that Plaintiff's release from incarceration moots Plaintiff's claims for relief and this action is due to be dismissed.

Accordingly, it is now

**ORDERED**:

1.  Defendants' Motion to Dismiss (Doc. #84) is **GRANTED** for the reasons set forth herein and Plaintiff's Amended Complaint is **DISMISSED without prejudice**.

2.   The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate any pending motions; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   6th   day of January, 2008.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record